UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY KLOSTERHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00026-NCC |
| | ) | |
| M.O. CITY OF CAPE GIRARDEAU and | ) | |
| BRADLEY SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Gary Klosterhoff, a resident at the Metropolitan St. Louis Psychiatric Center, has filed a complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. The Court has reviewed the Application, and finds that Plaintiff is unable to pay the $405 filing fee. The Court will therefore grant the Application. Additionally, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

**I.   Facts and Background**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the City of Cape Girardeau (also "City") and Cape Girardeau police officer Bradley Smith. Plaintiff specifies that he sues Smith in his official capacity.

Where the form complaint provides space for Plaintiff to set forth the facts that support his claims, he writes: "False Arrest Nov 2022." (ECF No. 1 at 3). In pages attached to the complaint, Plaintiff writes:

> When I asked Bradley Smith to call and ask for Agent
> If so I never would have been arrested
> Recording body camera Bradley Smith
> . . .
> Bradley Smith on body cam was asked to start his investigation

> He did not read me my Miranda right all information given to me by Bradley Smith was fraud [illegible]
> Recording and Agent I spoke with is on Recording and Transcripts starting July 2022 [illegible] Nov 2022
> No contact was made
> Bruce [illegible] has video of arrest

*Id.* at 5-6 (cleaned up). Plaintiff seeks $600,000 in damages.

## II.     Legal Standard

Federal law requires this Court to review a complaint filed in forma pauperis, and dismiss it if it is frivolous or fails to state a claim upon which relief may be granted, among other reasons. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, this Court should construe the complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d

912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### III. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides "a broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's statement "False Arrest Nov 2022" and his statement that Smith gave him fraudulent information are too vague and conclusory to state plausible claims for relief. *See Iqbal*, 556 U.S. at 678-79. And Plaintiff cannot maintain a § 1983 action based upon an alleged violation of the *Miranda*[1] safeguards. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003), *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006). Plaintiff's remaining assertions cannot be interpreted as describing an alleged violation of his constitutional rights.

Even if Plaintiff had alleged a constitutional deprivation, this case would be dismissed. Plaintiff alleges no facts showing that any alleged constitutional deprivation occurred pursuant to a City of Cape Girardeau policy or custom, as necessary to state a claim against the City or against Smith in his official capacity. *See Monell*, 436 U.S. at 690-91; *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (a plaintiff who sues a public employee in his official capacity sues only the public employer and therefore must establish the municipality's liability for the alleged conduct). Plaintiff also can't impose liability upon the City's Police Department because police departments are municipal sub-entities not amenable to suit. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

IV. **Conclusion**

For the foregoing reasons, the Court will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2). The Court finds there would be no non-frivolous basis to argue that Plaintiff's allegations stated a plausible claim for relief against either Defendant, so the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of March, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE